UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

G.S.,

                Petitioner,

      v.

LAURA HERMOSILLO; BRUCE
SCOTT; KRISTI NOEM; UNITED
STATES DEPARTMENT OF
HOMELAND SECURITY; and
PAMELA BONDI,

              Respondents.

C25-2704 TSZ

ORDER

THIS MATTER comes before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 1. Having reviewed all papers filed in support of, and in opposition to, the petition, including petitioner's declaration, docket no. 4-2, respondents' return, docket no. 6, and petitioner's traverse, docket no. 9, the Court enters the following order.

**Background**

The parties agree that petitioner is a citizen of India who entered the United States without inspection on August 27, 2022. *See* Melendez Diaz Decl. at ¶ 4 (docket no. 7); Pet. at ¶ 2 (docket no. 1); Notice to Appear, Ex. A to Pet. (docket no. 4-1 at 36). He was released from Department of Homeland Security ("DHS") custody on September 8, 2022, pursuant to an Order of Release on Recognizance. *See* Notice to Executive Office for

ORDER - 1

Immigration Review, Ex. A to Pet. (docket no. 4-1 at 32); Melendez Diaz Decl. at ¶ 6 (docket no. 7); Order of Release on Recognizance, Ex. 3 to Wong Decl. (docket no. 8-3). According to petitioner, after his release from DHS custody in September 2022, a global positioning system ("GPS") tracking device was placed on his ankle, and he routinely reported to or checked in with U.S. Immigration and Customs Enforcement ("ICE") via the ankle monitor, as well as his phone. *See* G.S. Decl. at ¶ 4, Ex. B to Pet. (docket no. 4-2). Based on a fear of persecution because of his religion and political affiliations, petitioner applied for asylum on March 22, 2023. *See* Pet. at ¶ 2 (docket no. 1); G.S. Decl. at ¶¶ 1 & 3 (docket no. 4-2).

The parties do not dispute that petitioner obtained an Employment Authorization Document ("EAD"), and that, when he was contacted by U.S. Customs and Border Protection ("CBP") agents on December 9, 2025, petitioner was operating a commercial vehicle that had pulled into a weigh station in Montana for routine inspection. *See* G.S. Decl. at ¶¶ 5 & 13–20 (docket no. 4-2); Ex. 2 to Wong Decl. (docket no. 8-2 at 4). The truck tractor ("TT") with semi-trailer ("ST") that petitioner was driving was carrying apples being shipped from Chelan, Washington to Lyndhurst, New Jersey. *See* Report, Ex. to G.S. Decl. (docket no. 4-2 at 6) (identifying the TT and ST at issue as bearing Iowa license plates). No violation was discovered during the examination conducted by Montana Department of Transportation personnel. *Id.* CBP agents nevertheless detained petitioner,[1] and they later wrote a report indicating that petitioner "failed to comply with

---

[1] According to petitioner, after he was taken into custody, an ICE or CBP agent cut off his GPS tracking device. *See* G.S. Decl. at ¶ 24 (docket no. 4-2). Respondents have not disputed that the location monitor was removed from petitioner's ankle in this manner.

ORDER - 2

his release conditions." Ex. 2 to Wong Decl. (docket no. 8-2 at 4). Which condition or conditions petitioner had allegedly violated were not specified in the report, _see id._, and in their habeas return, respondents have offered nothing more than conclusory assertions, without any explanation or evidence, _see_ Return at 2 (docket no. 6); _see also id._ at 6 (indicating without any supporting facts that CBP agents "deemed [petitioner] to be a flight risk"). Indeed, notwithstanding petitioner's EAD, the validity of which has not been challenged, CBP agents relied solely on "encounter[ing petitioner] working in Montana" combined with his immigration status to take him into custody. _See_ Ex. 2 to Wong Decl. (docket no. 8-2 at 4). Petitioner now seeks release from the Northwest ICE Processing Center ("NWIPC") on the ground that his re-detention without written notice and a pre-deprivation hearing was in violation of his Fifth Amendment right to due process of law. _See_ Pet. at ¶¶ 38–40 (docket no. 1).

**Discussion**

Respondents do not challenge the Court's jurisdiction, _see_ Return at 4–5 (docket no. 6), and the Court has authority to grant a writ of habeas corpus to an individual who is in custody "in violation of the Constitution or law or treaties of the United States," _see_ 28 U.S.C. § 2241(c)(3). Respondents' contention that the Court should not exercise its discretion to provide habeas relief because 8 U.S.C. § 1225 confers on the executive branch the power to detain certain aliens is entirely lacking in merit. _See_, _e.g._, _P.T. v. Hermosillo_, No. C25-2249, 2025 WL 3294988, at *2 n.1 (W.D. Wash. Nov. 26, 2025) ("In determining the lawfulness of Petitioner's detention, the Court will focus not on the Government's claimed authority to detain, but the process by which Petitioner was detained.").

ORDER - 3

As consistently recognized in this District, whether the manner in which an alien was re-detained comported with due process should be analyzed pursuant to the three-part standard set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See P.T.*, 2025 WL 3294988, at *2 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022) (assuming without deciding that *Mathews* applies in the immigration detention context)); *Manuel v. Hermosillo*, No. C25-2353, 2025 WL 3690778, at *2–3 (W.D. Wash. Dec. 10, 2025), *R&R adopted*, 2025 WL 3697277 (W.D. Wash. Dec. 19, 2025); *Francois v. Wamsley*, No. C25-2122, 2025 WL 3063251, at *3 (W.D. Wash. Nov. 3, 2025); *Ledesma Gonzalez v. Bostock*, --- F. Supp. 3d ---, 2025 WL 2841574, at *7 (W.D. Wash. Oct. 7, 2025); *Kumar v. Wamsley*, No. 25-cv-1772, 2025 WL 2677089, at *2 (W.D. Wash. Sept. 17, 2025); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 (W.D. Wash. 2025)[2]; *see also Flores Torres v. Hermosillo*, No. 25-cv-2687, 2026 WL

---

[2] Respondents criticize the reasoning in *E.A. T.-B.* as "conflat[ing] 8 C.F.R. § 1236.1(c)(9) and 8 C.F.R. § 1236.1(c)(8)."  Return at 6 (docket no. 6).  Respondents, however, have missed the point of the *E.A. T.-B.* Court's citation to the latter regulation, which reads in relevant part:

> Any officer authorized to issue a warrant of arrest may, in the officer's discretion, release an alien not described in section 236(c)(1) of the Act, under the conditions at section 236(a)(2) and (3) of the Act; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.

8 C.F.R. § 1236.1(c)(8).  The *E.A. T.-B.* Court observed that the decision to release an alien pursuant to § 1236.1(c)(8) is made *before* the alien appears in immigration court and is based on a conclusion that the alien does not pose a danger to the community and is likely to appear for future proceedings.  *See* 795 F. Supp. 3d at 1323.  The *E.A. T.-B.* Court concluded that, for purposes of the second prong of the *Mathews* test, re-detaining an alien "without first reconsidering those factors poses a significant risk of an erroneous deprivation of [the alien's] liberty interest in continued release."  *Id.*  To the extent respondents contend that an agency regulation, namely 8 C.F.R. § 1236.1(c)(9), which provides that "release may be revoked at any time in the discretion of . . . [certain officials], in which event the alien may be taken into

ORDER - 4

145715, at *6–7 (W.D. Wash. Jan. 20, 2026); _A.C.J. v. Hermosillo_, No. C25-2486, 2025 WL 3907144, at *2 (W.D. Wash. Dec. 30, 2025), _R&R adopted_, 2026 WL 73857 (W.D. Wash. Jan. 9, 2026).

All three _Mathews_ factors weigh in petitioner's favor:  (i) he has a protected liberty interest in not remaining in custody at NWIPC, (ii) the absence of pre-deprivation procedures created an unacceptably high risk of erroneous deprivation, and (iii) the governmental interest in petitioner's re-detention without a hearing is minimal or non-existent.  _See_ _P.T._, 2025 WL 3294988, at *2–4; _see also_ _Yildirim v. Hermosillo_, No. C25-2696, 2026 WL 111358, at *4 (W.D. Wash. Jan. 15, 2026) (noting that any factual disputes related to the justification for the petitioner's re-detention should have been resolved at a pre-deprivation hearing, not after-the-fact during habeas proceedings); _Flores Torres_, 2026 WL 145715, at *6–8; _A.C.J._, 2026 WL 73857, at *3–6; _Manuel_, 2025 WL 3690778, at *3; _Francois_, 2025 WL 3063251, at *4–5; _Ledesma Gonzalez_, 2025 WL 2841574, at *7–9; _Kumar_, 2025 WL 2677089, at *3–4; _E.A. T.-B._, 795 F. Supp. 3d at 1321–24.  In this matter, respondents have not provided any reason for disrupting petitioner's work as a commercial truck driver or for re-detaining him, and the type of post-hoc rationalization, unsupported by any facts or evidence, that has been displayed in this case demonstrates exactly why the pre-deprivation hearing required by _Mathews_ is necessary; it serves as a crucial bulwark against the unfettered disregard of individual liberty interests.

---

physical custody and detained," somehow undermines the _E.A. T.-B._ Court's analysis, they ignore the supremacy of the United States Constitution and the executive branch's duty to comply with the Due Process Clause of the Fifth Amendment.

ORDER - 5

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)   Petitioner's habeas petition, docket no. 1, is GRANTED;

(2)   Respondents shall immediately RELEASE petitioner from custody at the NWIPC, and they shall not re-detain petitioner without at least seven (7) days' advance written notice and a pre-deprivation hearing before a neutral decisionmaker;

(3)   Respondents shall reinstate the Order of Release on Recognizance issued in September 2022, with the same conditions previously imposed, and petitioner shall comply with those conditions unless they are amended after providing petitioner at least thirty (30) days' advance written notice and an opportunity to be heard; if a GPS tracking device is required, then respondents shall make arrangements at their own expense to outfit petitioner with such monitoring equipment;

(4)   Within twenty-four (24) hours of the entry of this Order, respondents shall file a declaration confirming that petitioner has been released from custody and stating the date and time of his release; and

(5)   The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 22nd day of January, 2026.

Thomas S. Zilly
United States District Judge

ORDER - 6