UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

G.S.,

              Petitioner,

    v.

JULIO HERNANDEZ; BRUCE
SCOTT; MARKWAYNE MULLIN;
UNITED STATES DEPARTMENT
OF HOMELAND SECURITY; and
TODD BLANCHE,[1]

              Respondents.

C25-2704 TSZ

ORDER

THIS MATTER comes before the Court on petitioner's motion for attorney's fees, docket no. 18.  Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order.

**Background**

On January 22, 2026, the Court granted habeas relief and directed that petitioner be released from custody at the Northwest Immigration and Customs Enforcement

---

[1] Julio Hernandez is substituted for Laura Hermosillo; Markwayne Mullin, Secretary of the United States Department of Homeland Security ("DHS"), is substituted for former Secretary Kristi Noem; Todd Blanche, Acting United States Attorney General, is substituted for former Attorney General Pamela Bondi. *See* Fed. R. Civ. P. 25(d).

ORDER - 1

Processing Center ("NWIPC").  Order (docket no. 10).  Judgment was entered on February 5, 2026.  Judgment (docket no. 12).  On April 27, 2026, petitioner was awarded costs in the uncontested amount of $104.20.  Taxation of Costs (docket no. 17).  No appeal has been filed by respondents, and the Order, Judgment, and Taxation of Costs are all final within the meaning of the Equal Access to Justice Act ("EAJA").  *See* 28 U.S.C. § 2412(d)(1)(B).  Respondents do not dispute that, for purposes of EAJA, petitioner is a "prevailing party" and that petitioner's motion for attorney's fees was timely filed.  *See* Resp. at 2 (docket no. 19).  Petitioner seeks $8,710.10 in attorney's fees, which represents 33.7 hours devoted to this matter by two different lawyers, compensated at the statutory rate of $258.46 per hour.  *See* Exs. B & C to Klein Decl. (docket nos. 18-2 & 18-3); *see also* Reply at 6 (docket no. 20).  Respondents Julio Hernandez, Secretary Mullin, Acting Attorney General Blanche, and DHS (collectively, the "federal respondents") contend that petitioner should not be awarded attorney's fees because the position of the United States was "substantially justified," within the meaning of EAJA, and not in "bad faith." *See* Resp. at 3–7 (docket no. 19); *see also* 28 U.S.C. § 2412(d)(1)(B) ("Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.").

**Discussion**

    In contesting petitioner's motion for attorney's fees under EAJA, the federal respondents bear the burden of showing that both their litigation position and petitioner's

ORDER - 2

underlying re-detention were "substantially justified." *See Toktosunov v. Wamsley*, No. 25-cv-1724, 2026 WL 972349, at *3, ¶ 4 (W.D. Wash. Apr. 8, 2026) (quoting *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) ("It is the government's burden to show that its position was substantially justified. . . .  The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action.")).  The federal respondents have not met their burden.

As indicated when petitioner was granted habeas relief, the actions of United States Customs and Border Protection ("CBP") agents, who detained petitioner without a warrant or any legitimate reason, and without notice or pre-deprivation due process, were not substantially justified.  *See* Order (docket no. 10).  And, the federal respondents' contentions in response to the habeas petition were contrary to numerous prior decisions of this District.  *See id.*  Indeed, the federal respondents have acknowledged that at least three Circuits have rejected the position concerning mandatory detention that they took in this litigation.  *See* Resp. at 3 n.3 (docket no. 19).  Given the facts in this case, the federal respondents were not substantially justified in attempting to defend petitioner's arrest, which occurred (i) despite the tracking device on his ankle, his history of compliance with the reporting requirements of an Order of Release on Recognizance, his undisputed authorization to work, which was what he was doing when approached by CPB agents at a commercial trucking weigh station, and the favorable results of the routine vehicle inspection conducted by Montana Department of Transportation personnel, *see* Order (docket no. 10), and (ii) in contravention of "longstanding due-process principles," *see Francisco Francisco v. Hermosillo*, No. C25-2738, 2026 WL 1661378, at *3 (W.D.

ORDER - 3

Wash. June 9, 2026).  Because the federal respondents have not established that their position was substantially justified, petitioner is entitled to attorney's fees under EAJA. 28 U.S.C. § 2412(d)(1).  Thus, the Court need not address petitioner's alternative argument that the federal respondents acted in "bad faith."

Petitioner must demonstrate that the requested attorney's fees are reasonable.  *See A.C.J. v. Hermosillo*, No. 25-cv-2486, 2026 WL 1745818, at *1 (W.D. Wash. June 17, 2026).  In this matter, the federal respondents have offered no objection to the number of hours expended by petitioner's counsel, and they have made no assertion that the evidence presented in support of the requested attorney's fees is somehow inadequate. Rather, the federal respondents contend only that market rates are not warranted, *see* Resp. at 6 (docket no. 19), but they have misread petitioner's motion, which concedes that the statutory rate is appropriate, *see* Mot. at 8 (docket no. 18); *see also* Reply at 6 (docket no. 20).  Petitioner will be awarded attorney's fees in the sum calculated by his counsel.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)    Petitioner's motion for attorney's fees, docket no. 18, is GRANTED;

(2)    No proof having been provided that petitioner has assigned an EAJA fee award to his attorneys, the amount of $8,710.10 in attorney's fees is AWARDED to petitioner;

(3)    The amount set forth in Paragraph 2 shall be paid via check made payable to petitioner, subject to verification that petitioner does not have a debt that qualifies for

ORDER - 4

offset against the awarded fees, pursuant to the Treasury Offset Program as outlined in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If petitioner has a debt, then the aforementioned check shall be for any remaining funds after offset of the debt. The check required in this Paragraph 3 shall be mailed to petitioner's attorneys' office within sixty (60) days of the date of this Order.

(4)    The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 30th day of June, 2026.

Thomas S. Zilly
United States District Judge

ORDER - 5